UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CLARENCE OTIS GIBSON** | **CIVIL ACTION NO. 23-1289-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JUSTICES OF THE SUPREME COURT OF LOUISIANA** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Clarence Otis Gibson, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in his court on September 14, 2023. Plaintiff is incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. Plaintiff names the Justices of the Supreme Court of Louisiana ("Justices") as defendants.

Plaintiff claims that on April 9, 2010, the Justices denied his writ without an interpretation of the law or an explanation for their decision. He claims that on May 31, 2023, the Justices denied his writ regarding his application for post-conviction relief without an interpretation of the law other than he did not file in a timely manner and his writ was therefore not considered. He claims that on June 1, 2023, the Justices denied two

more writs without an interpretation of the law or an explanation for their decision. He claims he was seeking relief from an unlawful conviction and sentence.

Accordingly, Plaintiff seeks monetary compensation.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff cannot allege claims against the Justices of the Supreme Court of Louisiana. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and (3) were centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the authority of the Justices of the Supreme Court of Louisiana as judicial officers of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claim against the Justices of the Supreme Court of Louisiana should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C.

§ 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

      **THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 26th day of October, 2023.

                                          Mark L. Hornsby
                                          U.S. Magistrate Judge